### CLAUSS v. PALMER UNION OIL CO. et al.

(District Court, N. D. California, Second Division. April 3, 1914.)

#### No. 45.

COURTS (§ 313*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

Where, after the filing, but before the dismissal, of a stockholder's bill by a citizen of Ohio against a California corporation to set aside a transfer of the corporation's property for alleged fraud, complainant's attorneys applied on behalf of 15 other stockholders, all but 4 of whom were residents of California, for leave to intervene, and, this being granted, filed a bill of intervention for them identical with the original bill, a mo-

tion, after dismissal, to file an amended bill will not be granted, where it would result in a suit in which there would be 4 nonresident plaintiffs and 12 plaintiffs citizens of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 359; Dec. Dig. § 313.*]

In Equity. Bill by Andrew Clauss against the Palmer Union Oil Company and others. On motion to file amendments to the bill of complaint. Denied.

John E. Bennett and Jesse Olney, both of San Francisco, Cal., for complainant.

Gavin McNab, B. M. Aikins, R. P. Henshall, R. R. Moody, N. Schmulowitz, and Luther Elkins, all of San Francisco, Cal., for defendants.

DOOLING, District Judge. This is a motion for leave to file an amended bill of complaint, or rather to file amendments to a bill of complaint heretofore dismissed by the court. It was held in dismissing the bill that the court had jurisdiction of the subject-matter, but in so holding the court was only passing upon the question as to the amount involved in the controversy. The action is one brought by a single stockholder of the Palmer Oil Company, a California Corporation, such stockholder being a citizen of the state of Ohio and owning 1,000 shares of stock, which, as may be gathered from other averments of the bill, are worth not to exceed $1,500. The relief sought is the setting aside, on the ground of fraud, of a transfer made by the corporation of property stated to be worth $2,500,000; the plaintiff averring that the action is brought on behalf of himself and all others similarly situated.

After the filing of said bill, a petition was presented by the attorneys for plaintiff on behalf of 15 other stockholders of said Palmer Oil Company asking leave to intervene, and such leave having been granted by the court, said attorneys filed a bill of intervention by said 15 stockholders identical in all essential particulars with the original complaint. In this bill of intervention 12 of the plaintiffs, owning 125,567 shares, are citizens of California, and 3, owning 3,500 shares, are citizens of other states. So that, if the present motion were granted, we would have a situation with 4 plaintiffs, citizens of other states, owning in all 4,500 shares, and 12 plaintiffs, citizens of California, owning 125,567 shares; all in this court clinging to the complaint of a single stockholder, resident of Ohio, owning but 1,000 shares, and all represented by the attorneys of the original plaintiff.

Under these circumstances, aside from the fact that the proposed amendments are for the most part amendments to the prayer of the original bill, and not amendments to the bill itself, the motion to amend will be denied; and it is so ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes